FILED
CLERK
10:10 am, Sep 27, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SHERRY   EMRITH,   ROOD   LEBRUN,
SAMANTHA SUTTON, KYLE WALSH, SARAH
EDGAR,   ALAN   ACEVEDO,   JOYELLE
DAVIS,  WILLIAM  CARRIER,  ROBERT
HARR,   NICOLE   FIDELIO,   TODD
COLEMAN, PATRICK KERSHNER, AUSTIN
BRANTLEY,  ASHLEY  IBARRA,  BRIAN
GONZALEZ,  KARTHIK  GOPAL,  ERIC
BLOUGH,  EVELYN  ROMO,  TIFFANY
SPANN,  VERONICA  CORRAL,  PHAEDRA
FEAREN,  ALEX  MONTEJANO,  JESSE
MEDRANO,  ANGEL  IRIZARRY,  ADAM
ESQUILIN,  KELVIN  GRULLON,  KENYA
HUNTER,  ANGEL  IRIZARRY,  GABRIEL
KOENIG,  WILDANIA  QUEZADA,  CAROL
RODRIGUEZ,   SURAB   SAKIL,   IRA
SOLOMON, and JANAISHA ULLOA,

                Plaintiffs,

     -against-

iMOBILE, LLC and iMOBILE USA,
LLC,

                Defendants.
---------------------------------X
```

MEMORANDUM & ORDER
22-CV-3704(JS)(JMW)

APPEARANCES
For Plaintiffs:     Michael John Palitz, Esq.
                    Shavitz Law Group, P.A.
                    800 3rd Avenue, Ste. 2800
                    New York, NY 10022

For Defendants:     No appearance.

SEYBERT, District Judge:

Sherry Emrith, Rood Lebrun, Samantha Sutton, Kyle Walsh, Sarah Edgar, Alan Acevedo, Joyelle Davis, William Carrier, Robert Harr, Nicole Fidelio, Todd Coleman, Patrick Kershner, Austin Brantley, Ashley Ibarra, Brian Gonzalez, Karthik Gopal, Eric

Blough, Evelyn Romo, Tiffany Spann, Veronica Corral, Phaedra Fearen, Alex Montejano, Jesse Medrano, Angel Irizarry, Adam Esquilin, Kelvin Grullon, Kenya Hunter, Angel Irizarry, Gabriel Koenig, Wildania Quezada, Carol Rodriguez, Surab Sakil, Ira Solomon, and Janaisha Ulloa (collectively, the "Plaintiffs" or "Petitioners"), commenced this action against iMobile, LLC and iMobile USA, LLC (collectively, the "Defendants"), by filing a petition to confirm an arbitration award (the "Award"). (Second Am. Petition, ECF No. 6.)

During arbitration, the parties reached a settlement of Plaintiffs' individual claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. ¶¶ 201 et seq., and submitted a joint motion for FLSA settlement approval to the arbitrator. (Id. ¶¶ 4-6; see also Joint Mot. for FLSA Approval, ECF No. 14-1.) The arbitrator approved the parties' settlement, finding it to be fair and reasonable, and entered the Award on May 3, 2022. (Award, ECF No. 14-2.) Under the settlement, Plaintiffs, collectively, were awarded $150,000 and Plaintiffs' attorneys were awarded $300,000 in fees and costs. (See Joint Mot. at 4.) Defendants have issued settlement checks to Plaintiffs; however, Defendants have not tendered payment of Plaintiffs' attorneys' fees and costs in accordance with the Award, resulting in the commencement of this case. (See Second Am.

Petition ¶ 8; see also Michael Palitz Aff., ECF No. 17, at ¶¶ 9-11.)

Pending before the Court are Plaintiffs' unopposed motion to confirm the Award, as well as their request for entry of default judgment. (Mot. Confirm Arbitration Award, ECF No. 14; Mot. Default J., ECF No. 16.)  For the reasons that follow, Plaintiffs' motion to confirm the Award is GRANTED; however, their request for a default judgment is DENIED.

## DISCUSSION

Arbitrator's decisions are afforded significant deference, especially in the labor context. See Rite Aid of N.Y., Inc. v. 1199 SEIU United Healthcare Workers E., 704 F. App'x 11, 12 (2d Cir. 2017) ("A federal court's review of labor arbitration awards is 'among the most deferential in the law.'" (quoting Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016))). A court's review of arbitration awards is limited to ensuring that "the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'"  Nat'l Football League, 820 F.3d at 532 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)).  "[E]ven if an arbitrator makes mistakes of fact or law, [a court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for

3

authority." Rite Aid, 704 F. App'x at 12 (quoting Nat'l Football League, 820 F.3d at 532). "The potential for those mistakes is the price of agreeing to arbitration. . . . '[I]t is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.'" Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 572-73 (2013) (quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960)).

Here, although the attorneys' fees and costs awarded to Plaintiffs' counsel are double the amount of the total sum awarded to Plaintiffs, which gives the Court pause when considering the reasonableness of the parties' FLSA settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), the Court does not possess the authority to rewrite settlement agreements it may find objectionable, Fisher v. SD Protection Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Lilly v. City of New York, 934 F.3d 222, 236 (2d Cir. 2019)). Further, in the Award, the arbitrator expressly concluded that the settlement was "adequate, fair, and reasonable," which indicates there is a colorable justification to confirm the Award. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) ("Only 'a barely colorable justification for the outcome reached' by the

4

arbitrators is necessary to confirm the award." (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992))); see also Xi v. Mira Sushi Inc., No. 19-CV-7710, 2021 WL 5015709, at *1 (S.D.N.Y. Oct. 28, 2021) ("The arbitrator's rationale for an award need not be explained . . . ." (quoting D.H. Blair, 462 F.3d at 110)). Under these circumstances, Plaintiffs' motion to confirm the Award is GRANTED.

With respect to Plaintiffs' request for entry of a default judgment, the Second Circuit has concluded that "default judgments in confirmation/vacatur proceedings are generally inappropriate" because "[a] motion to confirm or vacate an award is generally accompanied by a record . . . that may resolve many of the merits or at least command judicial deference." D.H. Blair, 462 F.3d at 109. Thus, in a case such as this where the Court has the benefit of a record that includes, inter alia, the parties' joint motion for approval of their FLSA settlement that was submitted to the arbitrator and the Award which expressly approves the parties' joint motion, the Court finds a default judgment inappropriate under D.H. Blair. Accordingly, Plaintiff's motion for a default judgment is DENIED; however, judgment will be entered based upon the Court's ruling to confirm the Award.

CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion to confirm the Award (ECF No. 14) is GRANTED;

2. Plaintiffs' motion for entry of default judgment (ECF No. 16) is DENIED;

3. Plaintiffs' motions for a hearing (ECF Nos. 18, 19) are DENIED; and

4. The Clerk of Court is directed to enter judgment in favor of Plaintiffs against Defendants and to mark this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 27, 2023
         Central Islip, New York

6